IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CARLOS O. SARAVIA, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 1:13-cv-01921-RDB |
| SELECT PORTFOLIO SERVICING, INC., et. al., | * | |
| | * | |
| Defendants. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Carlos O. Saravia ("Plaintiff"), proceeding *pro se*, filed a nine-count Complaint against Defendants Select Portfolio Servicing, Inc. ("Select"), Deutsche Bank National Trust Co. ("Deutsche Bank"), Bank of America, N.A. ("Bank of America"), HSBC, Diane Rosenberg, and Does 1-100, asserting claims arising out of disputes over a mortgage of certain real property. Pending before this Court are Defendants Select and Deutsche Bank's Motion to Dismiss (ECF No. 13), and Bank of America and Diane Rosenberg's Motion to Dismiss (ECF No. 14 and 15).[1] The Defendants' submissions have been reviewed, and despite notice from this Court, the Plaintiff never filed any response. Accordingly, no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, the Motions to Dismiss are GRANTED.

---

[1] Defendant Rosenberg joined the Motion to Dismiss filed by Bank of America, incorporating the arguments therein on behalf of herself. ECF No. 15. In light of this Court's granting of these Motions, the case will be DISMISSED as to all Defendants.

BACKGROUND

This Court accepts as true the facts alleged in Plaintiff's Complaint. *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011). Moreover, a *pro se* litigant's complaint should not be dismissed unless it appears beyond a doubt that the litigant can prove no set of facts in support of his claim that would entitle him to relief. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The Court will take judicial notice of "Exhibit A" (a copy of the Deed of Trust from October 8, 2004) and "Exhibit B" (a copy of the Assignment of the Deed of Trust) from Defendant Bank of America's Motion to Dismiss (ECF No. 14).[2]

According to the allegations in the Complaint, Plaintiff purchased a piece of real property that was the subject of a security interest under a Deed of Trust on or about October 8, 2008. Compl. 4.[3] However, according to "Exhibit A" of the Motion to Dismiss (ECF No. 14), Plaintiff in fact acquired this property on July 9, 2002. Then on October 8, 2004, Plaintiff, as the "Borrower,"[4] refinanced the property under a Deed of Trust and

---

[2] *See Philips v. Pitt County Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) ("In reviewing a Rule 12(b)(6) dismissal, [the Court] may properly take judicial notice of matters of public record . . .[and] consider documents attached to the complaint, as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." (citing *Hall v. Virginia*, 385 F.3d 421, 424 (4th Cir. 2004))). *See also Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) ("[W]hen a defendant attaches a document to its motion to dismiss, 'a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity.'" (quoting *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999))). Thus, this Court can consider "Exhibit A" and "Exhibit B" in the Motion to Dismiss without converting the Motion to Dismiss (Rule 12(b)(6)) to a Motion for Summary Judgment (Rule 56) because they are integral to the complaint and do not consider matters outside the pleadings.
[3] For clarity purposes, citations to the Complaint will be to page numbers because the Plaintiff incorrectly numbered the paragraphs.
[4] Plaintiff's wife is also listed as "Borrower" on the Deed of Trust, but is not a party in this case.

promissory note ("Note"). Diane Rosenberg[5] was designated as the "Trustee," Mortgage Electronic Registration Systems, Inc. (MERS) as the "Beneficiary," and Accredited Home Lenders, Inc. as the "Lender." Def. Bank of Am. Mot. to Dismiss Ex. A., ECF No. 14-3. At that time, the amount of unpaid principal of the original Deed of Trust being refinanced was $121,720.25. *Id.*

Plaintiff contends that a "good faith dispute" developed between him and Defendants regarding sums paid and due. Compl. 4. The Note contained an Adjustable Rate Rider "with an interest change based on a 6 month LIBOR index from 6.9% up to 13.9%." *Id.* 5. Plaintiff made timely payments from the loan's commencement until "a year ago" (approximately July 1, 2012) when the interest was changed to "UP TO 12%." *Id.* Based on the change in the interest rate, a dispute arose between the Plaintiff and the lender concerning "the sum actually credited under the Note, the sums yet due, an accounting under the Note, the identity of the correct entity entitled to enforce the [N]ote, the potential consequence of the cancellation of the Note and Deed and other financial errors committed by the defendants affecting the true amount due under the Note and the Note's enforceability." *Id.* Plaintiff sought a written "permanent modification" to the Note. *Id.*

The Complaint further alleges that the lender identified in the refinancing documents, Accredited Home Lenders, Inc., has been a nonexistent company since 2010, and thus, there is no designation of Trust. *Id.* In February of 2012, Bank of America executed an Assignment Deed of Trust to Deutsche Bank as Trustee for the property in question. Def. Bank of Am. Mot. to Dismiss. Ex. B., ECF No. 14-4. Plaintiff claims that for the two years

---

[5] Defendant's name is spelled "Dianne" and "Rosenburg" in certain documents, but the Court recognizes these misspellings to be in reference to the same person.

3

that Accredited Home Lenders, Inc. was no longer a legal entity and Bank of America had not reassigned the Deed of Trust, he was paying MERS which had no apparent rights to repayment of the loan. Compl. 5. Plaintiff believes that Select may be the correct beneficiary on the Note. *Id.*

The dispute over payments due and the payments already paid continued. *Id.* Plaintiff alleges he has requested loan debt validation, accounting, and clarification of the actual entity that holds the right to enforce the Note to no avail. *Id.* In or about December of 2012, the Plaintiff claims he sent Select in writing a "Qualified Written Request, Inspection of the Note TILA and RESPA" with no response that was satisfactory to him.[6] *Id.* 6. Plaintiff further alleges that all Defendants failed to keep accounting and records of Plaintiff's accounts accurate. *Id.* 7. Plaintiff also contends that Defendant Select, through its employees, promised to modify the loan agreement if Plaintiff stopped paying the mortgage amount for three months. *Id.* Plaintiff relied on this representation and stopped payments, in or about July of 2012, but Select did not modify the loan. *Id.*

Based on these alleged facts, Plaintiff brings a total of nine counts: (1) Negligence (Count I); (2) Declaratory Judgment (Count II); (3) Specific Performance (Count III); (4) Accounting (Count IV); (5) Breach of Contract (Count V); (6) Violation of the Fair Debt Collection Practices Act (15 U.S.C § 1692) (Count VI); (7) For TRO and Preliminary Injunction to Enjoin Foreclosure Pendente (Count VII); (8) Fraud and Deceit; Punitive Damages (Count VIII); and (9) Quiet Title (Count IX). Defendants Select and Deutsche

---

[6] Presumably, the Plaintiff was referring to the Truth in Lending Act, 15 U.S.C. § 1641 and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605, which require a loan servicer to respond to certain requests for information. This Court notes that Saravia does not assert any claims under either of these statutes.

4

Bank responded to the Complaint with a Motion to Dismiss for failure to state a claim (ECF No. 13) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant Bank of America also filed a Motion to Dismiss for failure to state a claim (ECF No. 14), in which Defendant Rosenberg joined (ECF No. 15). Despite receiving notice from the Clerk's office, the Plaintiff did not respond to these Motions to Dismiss.

STANDARD OF REVIEW

This Court recognizes that Plaintiff is *pro se* and therefore his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Supreme Court's opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). In *Twombly*, the Supreme Court articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678. First, while a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference.

5

*Id.* (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim); *see also Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) ("Although we are constrained to take the facts in the light most favorable to the plaintiff, we need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." (internal quotation marks omitted)).

Second, a complaint must be dismissed if it does not allege "a plausible claim for relief." *Iqbal*, 556 U.S. at 679. Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Although the plausibility requirement does not impose a "probability requirement," *id.* at 556, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Robertson v. Sea Pines Real Estate Cos.*, 679 F.3d 278, 291 (4th Cir. 2012) ("A complaint need not make a case against a defendant or *forecast evidence* sufficient to *prove* an element of the claim. It need only *allege facts* sufficient to *state* elements of the claim." (emphasis in original) (internal quotation marks and citation omitted)). In making this assessment, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Iqbal*, 556 U.S. at 679. "At bottom, a plaintiff must nudge its claims across the line from conceivable to plausible to resist dismissal." *Wag More Dogs, LLC*, 680 F.3d at 365 (internal quotation marks omitted).

ANALYSIS

Plaintiff's Complaint asserts nine total claims.  Because Plaintiff fails to state any claim upon which relief can be granted, each of his claims will be dismissed.

I.   Negligence (Count I):

Plaintiff alleges that Defendants negligently handled their business records regarding Plaintiff's Deed of Trust, causing him to experience harm to his personal and financial reputation.  In order to establish negligence under Maryland law, a plaintiff must prove the following four elements: "(1) that the defendant was under a duty to protect the plaintiff from injury, (2) that the defendant breached that duty, (3) that the plaintiff suffered actual injury or loss, and (4) that the loss or injury proximately resulted from the defendant's breach of the duty." *Lloyd v. Gen. Motors Corp.*, 916 A.2d 257, 270-71 (Md. 2007) (citations omitted).  In their Motions to Dismiss, Defendants argue that they owed Plaintiff no duty of care outside of their contractual relationship.  Def. Bank of America Mot. to Dismiss 7, ECF No. 14; Def. Select and Deutsche Bank Mot. to Dismiss 5, ECF No. 13.  Specifically Defendants argue that a "bank does not owe a special duty to its customer."  Def. Bank of America Mot. to Dismiss 7, ECF No. 14.  While this statement of the law is overbroad, the Plaintiff still fails to allege factual content that leads to the inference that Defendants owed him a duty of care outside of those in the contract.  Maryland law requires that, to impose a duty of care in tort law on a bank to its customers, there must be "special circumstances," *Parker v. Columbia Bank*, 604 A.2d 521, 532 (Md. Ct. Spec. App. 1992), or an "intimate nexus" between the parties, *Jacques v. First National Bank of America*, 515 A.2d 756, 759-60 (Md. Ct. Spec. App. 1986).  In *Jacques,* the Maryland Court of Special Appeals further

recognized that in cases where a contract exists between two parties, the court must take into consideration two things before imposing a duty that may give rise to tort liability: (1) the nature of the harm likely to result from a failure to exercise due care, and (2) the relationship between the parties.  515 A.2d at 159.  In taking these two factors into consideration, Maryland's intermediate appellate court held:  "Where the failure to exercise due care creates a risk of economic loss only, courts have generally required an intimate nexus between the parties as a condition to the imposition of tort liability."  *Id.* (citations omitted).

In this case, the Plaintiff has not alleged specific facts that show either special circumstances or some kind of intimate nexus that gives rise to a duty outside of those laid out in the contract.  *See Sagent Tech., Inc. v. Micros Sys., Inc.*, 276 F. Supp. 2d 464, 471-72 (D. Md. 2003) (citations omitted) ("Arms-length negotiations between representatives of commercial entities do not establish an intimate nexus."); *Yousef v. Trustbank Sav., F.S.B.*, 568 A.2d 1134 , 1138 (Md. Ct. Spec. App. 1990) (establishing that generally a bank's relationship to its borrower in a loan transaction is contractual and not fiduciary in the absence of special circumstances).  Plaintiff has merely stated that he was "owed a duty of care" without suggesting why this duty of care would exist outside of those set forth in the Deed of Trust.  Compl. 6.  Therefore, he has failed to plead the first element of a claim for negligence.

As for the other elements of the negligence claim, Plaintiff does not assert plausible facts, but only conclusory statements of law.  Even if taken as true, Plaintiff's contention that all Defendants kept incorrect and inaccurate business records would still not suffice to show any breach of duty because he has not established that any additional duty existed between the parties outside of those in the contract.  More importantly, Plaintiff merely

states the element of proximate cause without alleging any plausible facts specific to his case. *See* Compl. 6; *see also Iqbal*, 556 U.S. at 678 (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim). For these reasons, Plaintiff's Complaint does not allege plausible facts to support the necessary elements of a negligence claim, and therefore Plaintiff's negligence claim is dismissed.

    II.    <u>Breach of Contract (Count V) and Specific Performance (Count III):</u>

Plaintiff's Complaint alleges that Defendants breached some "express or implied contractual terms" by failing to keep accounting and records. Compl. 7. Plaintiff further asserts that he was promised a loan modification, which was later denied "after the promises became executed by the payment of money accepted by [D]efendants the effect of which was to modify or novate the existing terms of the [N]ote and mortgage." *Id.* Plaintiff does not allege a written promise by any Defendant to modify his loan. Plaintiff only briefly states that Defendants accepted payment of money under this alleged new loan modification. *Id.* However, in the context of his fraud claim, Plaintiff refers to an alleged oral promise to a loan modification by Select employees if the Plaintiff *stopped* making his loan payments for three consecutive months.[7] Plaintiff claims to have reasonably relied on this promise and stopped paying his mortgage with the expectation of a loan modification. *Id.* These two claims—that Defendants accepted payment for loan modification and that Defendants also asked him to stop paying—contradict each other.

---

[7] The Plaintiff states that at least two unknown Select employees said, "'We will guarantee and promise to you that if you stop paying your mortgage for 3 consecutive months you will be given new loan terms that will reduce your monthly payments by at least thirty percent.'" Compl. 7.

9

In order to prevail on a breach of contract claim, a Plaintiff must show "the defendant owed the plaintiff a contractual obligation and that the defendant breached the obligation." *Taylor v. NationsBank, N.A.*, 776 A.2d 645, 651 (Md. 2001) (citation omitted). A plaintiff in a breach of contract claim must "allege with certainty and definiteness *facts* showing a contractual obligation." *RCC Ne., LCC v. BAA Md., Inc.*, 994 A.2d 430, 440 (Md. 2009). However, Plaintiff has not shown the existence of the specific contractual obligations mentioned in the Complaint, namely a requirement to make any sort of loan modification. Moreover, the Plaintiff has provided no factual content to show that his payments were misapplied or that Defendant's records are not accurate, and thus this conclusory allegation cannot constitute a breach of contract.

With regard to Plaintiff's claim that the Defendants, specifically Defendant Select through its agents or employees, promised a modified loan agreement, the Plaintiff again has alleged no facts that if taken as true show a contractual obligation. Not only has the Plaintiff provided no "certainty and definiteness" of facts, but under Maryland law any contract or modification to a contract involving a credit agreement must be in writing. Md. Code Ann., Cts. & Jud. Proc. § 5-408 (West 2014). *See also Donnelly v. Branch Banking & Trust Co.*, 971 F. Supp. 2d 495 (D. Md. 2013); *Dupont Heights L.P. v. Riggs Nat'l Bank of Washington, D.C.*, 949 F. Supp. 383, 388-89 (D. Md. 1996). Plaintiff has given no indication of a written loan modification. He has not provided any specificity of terms of the supposed loan modification or any other facts to support a plausible claim. Furthermore, there are directly conflicting allegations contained within the Complaint—that Plaintiff paid to get the modification and contrarily that he withheld payments to receive a modification. Even

10

according Plaintiff a liberal reading given his *pro se* status, this inconsistency demonstrates the lack of a "plausible claim."

As to Count V, specific performance is an equitable remedy provided in particular situations when a breach of contract has occurred. In order for this extraordinary equitable remedy to even be considered, the Plaintiff must show that an agreement existed and that the Defendants breached this agreement. *See Geoghegan v. Grant*, No. DKC-10-1137, 2011 WL 673779, at *9 (D. Md. Feb. 17, 2011); *Data Consultants, Inc. v. Traywick*, 593 F. Supp. 447, 453 (D. Md. 1983) (citing *Offut v. Offut*, 67 A. 138 (Md. 1907)), *aff'd*, 742 F.2d 1448 (4th Cir. 1984). The Plaintiff has not stated a claim for breach of contract, and thus, there can be no claim for the drastic remedy of specific performance.

As the Plaintiff has not stated a breach of contract claim upon which relief can be granted, his claims for breach of contract and the remedy of specific performance are dismissed.

   III.    <u>Fraud and Deceit; Punitive Damages (Count VIII):</u>

Plaintiff asserts a claim for fraud and deceit and seeks the remedy of punitive damages. Rule 9(b) of the Federal Rules of Civil Procedure requires that "the circumstances constituting fraud be stated with particularity." The Rule "does not require the elucidation of every detail of the alleged fraud, but does require more than a bare assertion that such a cause of action exists." *Mylan Labs., Inc. v. Akzo, N.V.*, 770 F. Supp. 1053, 1074 (D. Md. 1991). To state a fraud claim under Rule 9, a plaintiff must "identify with some precision the date, place, and time of active misrepresentations or the circumstances of active

concealments." *Johnson v. Wheeler*, 492 F. Supp. 2d 492, 509 (D. Md. 2007). In order for a plaintiff to properly allege fraud under Maryland law, he must show:

> (1) that the defendant made a false representation to the plaintiff, (2) that its falsity was either known to the defendant or that the representation was made with reckless indifference as to its truth, (3) that the misrepresentation was made for the purpose of defrauding the plaintiff, (4) that the plaintiff relied on the misrepresentation and had the right to rely on it, and (5) that the plaintiff suffered compensable injury resulting from the misrepresentation.

*Moscarillo v. Prof'l Risk Mgmt. Servs., Inc.*, 921 A.2d 245, 254 (Md. 2007) (citations omitted).

Plaintiff alleges that Select, through two of its employees, engaged in fraud by promising to give the Plaintiff new loan terms if Plaintiff stopped paying his mortgage for three consecutive months. Compl. 7. Plaintiff claims that he reasonably relied on the representations made by Select's employees and stopped paying his mortgage. *Id.* Plaintiff states that the employees made these statements with knowledge of their falsity and with "reckless disregard for the truth of the matters." *Id.* He contends that Select never had any intention to be bound by any promise made to him about a loan modification even if he reasonably relied upon the promise. *Id.*

Plaintiff's claim fails to meet the particularity requirements under Rule 9(b) because he has not pled the "circumstances" of the false representation. *See Superior Bank, F.S.B. v. Tandem Nat'l Mortg., Inc.*, 197 F. Supp. 2d 298 (D. Md. 2000) ("The word 'circumstances' is interpreted to include the 'time, place and contents of the false representation, as well as the identity of the person making the misrepresentation and what [was] obtained thereby.'" (quoting *Windsor Assocs. v. Greenfield*, 564 F. Supp. 273, 280 (D. Md. 1983))). Plaintiff's only allegations in support of Count VIII are that employees of Defendant Select, who did not give their names, made false representations to him sometime in 2012. He has not alleged

the time, place, and identity of the persons with the required specificity. Compl. 7. While he has vaguely described the contents of the false representation, he has not done so with any particularity. *Id.* Furthermore, Plaintiff gives conclusory allegations that these representations were made knowingly and with reckless disregard for the truth, but provides no factual representations to support these claims. *Id.* Conclusory allegations that "amount to nothing more than a 'formulaic recitation of the elements'" of a claim are not entitled to the presumption of truth. *Iqbal* 556 U.S. at 680-81 (quoting *Twombly* 550 U.S. at 555). Essentially, Plaintiff has stated the elements of a fraud claim in Maryland, but has not alleged facts that plausibly support such a claim against the Defendant. *See Twombly*, 550 U.S. at 555.

In addition, Plaintiff's own contradictory statements within his Complaint are self-defeating. In the Complaint, Plaintiff claims that he stopped making payments on his loan because the Defendants raised his interest "UP TO 12%." Compl. 5. At that time, Plaintiff claims that a dispute developed over the amount owed on the Note. *Id.* Later in the Complaint, Plaintiff alleges that the Defendants breached an already existing loan modification after he had made payments under this loan modification. *Id.* 7. Then Plaintiff makes the allegation that he was promised a new loan modification in 2012 if he stopped paying the loan for three months, which he alleges he reasonably relied upon. *Id.* Taken together, these facts are directly contradictory. The Court affords Plaintiff a more lenient standard given his status as a *pro se* Plaintiff; however, this does not give Plaintiff leave to plead incongruous facts that do not support his various claims. *See Stone v. Warfield*, 184 F.R.D. 553, 555 (D. Md. 1999) ("The Complaint presents a tangled web of conclusory accusations that frequently fail to correspond with any supporting facts."). With

contradictory factual allegations, the Court cannot find a claim with "facial plausibility" under the standards as set forth in *Iqbal*. 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); *see also Ramos v. Bank of Am., N.A.*, No. DKC-11-3022, 2012 WL 5928732, at *4 (D. Md. Nov. 26, 2012) ("[W]hen a complaint contains inconsistent and selfcontradictory statements, it fails to state a claim.") (citations omitted).

Because his fraud claim fails, there is no basis to grant any punitive damages as requested by the Plaintiff. Furthermore, punitive damages are only awarded when a Plaintiff can show actual malice, which the Plaintiff does not mention in the Complaint. *See Odyssey Travel Center, Inc. v. RO Cruises, Inc.*, 262 F. Supp. 2d 618, 630 (D. Md. 2003) (citing *Owens–Ill. v. Zenobia*, 601 A.2d 633, 649-50 (Md. 1992)); *see generally Ellerin v. Fairfax Savs., F.S.B.*, 652 A.2d 1117 (Md. 1995) (discussing the requirements for awarding punitive damages in Maryland). Thus, for the aforementioned reasons, the Plaintiff's claim of fraud and request for punitive damages is dismissed.

IV.  <u>Violation of the Fair Debt Collection Practices Act – 15 U.S.C. § 1962 (Count VI)</u>

Plaintiff asserts that due to the alleged breach of the loan modification agreement the Defendants violated several provisions of the Fair Debt Collection Practices Act ("FDCPA") and he thereby suffered damages. Putting aside that this Court has already determined that no such modification agreement is enforceable, the FDCPA is further not applicable to the Plaintiff's situation because he has not shown that the Act covers any of the Defendants. The FDCPA applies to "debt collectors" as outlined in the Statute. 15 U.S.C. §

1692(a)(6) ("The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."). Courts have uniformly held that lenders and creditors do not fall within the term "debt collector" under the FDCPA. *See Sparrow v. SLM Corp.*, No. RWT-08-00012, 2009 WL 77462, at *3 (D. Md. Jan. 7, 2009) (holding a creditor collecting its own debt without the aid of a third party is not a debt collector); *see also Scott v. Wells Fargo Home Mortg., Inc.*, 326 F. Supp. 2d 709 (E.D. Va. 2003), *aff'd*, 67 F. App'x 238 (4th Cir. 2003).

Plaintiff has alleged no facts to show that any Defendant is a "debt collector" and thereby subject to any part of the FDCPA. Thus, Plaintiff has not made a showing of a plausible claim under the FDCPA and any claims relating to this Act are dismissed.

V.      Accounting (Count IV):

Plaintiff seeks an order "that the loan sums be accounted for by formal court ordered accounting so that the true sums paid, due and balances under the note are clear, precise, and undeniable. Since the [Qualified Written Response] was denied by servicer." Compl. 7. A plaintiff may seek an accounting when (1) the plaintiff is obligated to pay money to the defendant "based upon facts and records which are known and kept exclusively" by the defendants, or (2) when there is a "confidential or fiduciary relation between the parties, and a duty rests upon the defendant to render an account." *Gephardt v. Mortg. Consultants, Inc.*, No. JFM-10-1537, 2011 WL 531976, at *4-5 ( D. Md. Feb. 8, 2011) (citations omitted). Maryland courts have established that the first basis for an accounting is generally not

present between a borrower and a lender. *See Polek v. J.P. Morgan Chase Bank, N. A.*, 36 A.3d 399, 418 (Md. 2012).

In this case, Plaintiff was obligated to pay money to the Defendants, but Plaintiff has made no indication that records were in the exclusive control of one party. By the very nature of a loan agreement, both sides have an opportunity to keep track of the amounts paid and owed on the statements. *See id.* Although Plaintiff makes brief, conclusory references to a dispute over the amounts owed on the loan, he has not alleged that the records as to his loan were kept exclusively by the Defendants.

Plaintiff has also not pled facts from which this Court can infer the second basis for an accounting under Maryland law, a confidential or fiduciary relationship. A relationship between a borrower and a bank is not considered fiduciary in nature. *Yousef v. Trustbank Sav., F.S.B.*, 568 A.2d 1134, 1138 (Md. Ct. Spec. App. 1990) ("[I]n Maryland, the relationship of a bank to its customer in a loan transaction is ordinarily a contractual relationship between debtor and creditor . . . and is not fiduciary in nature.") (citations omitted). Plaintiff has alleged no circumstances that would make his relationship with the Defendants anything other than a contractual relationship, and thus, he does not qualify for an accounting. Therefore, Plaintiff's claim for an accounting is dismissed.

VI.   <u>Temporary Restraining Order and Preliminary Injunction (Count VII)</u>

Plaintiff seeks a temporary restraining order (TRO), Fed. R. Civ. P. 65(b), or a preliminary injunction, Fed. R. Civ. P. 65(a), to "enjoin upon motion all acts of foreclosure since there is no legal or factual basis existing allowing such." Compl. 7. The grant of a TRO or preliminary injunction is an "'extraordinary remedy that may only be awarded upon

a clear showing that the plaintiff is entitled to such relief.'" *Dewhurst v. Cnty. Aluminum Co.*, 649 F.3d 287, 290 (4th Cir. 2011) (quoting *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 22 (2008)). The Fourth Circuit recognizes four requirements in conjunction with the Supreme Court's ruling in *Winter v. Natural Resources* that a party must show in order to be granted a TRO or a preliminary injunction:

> (1) likelihood of success on the merits; (2) likelihood the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in movant's favor; and (4) the injunction is in the public interest.

*The Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 347 (4th Cir. 2009) (citing *Winter*, 555 U.S. at 20); *see also Dewhurst*, 649 F.3d at 290 (reaffirming the four requirements set forth in *The Real Truth About Obama*). According to both *The Real Truth About Obama* and *Dewhurst*, the United States Court of Appeals for the Fourth Circuit has determined that all four requirements must be met in order for a TRO or a preliminary injunction to be granted. The burden placed upon Plaintiff to state a claim for a TRO or preliminary injunction is high. Plaintiff's Complaint is not pled with any specificity to the requirements of a claim for a TRO or injunctive relief. Plaintiff does not address any of the four requirements. Even if this Court applied the injunctive relief factors, the Complaint lacks any factual allegations that if accepted as true would allow the Court to infer a plausible claim for a TRO or preliminary injunction. Plaintiff has failed to state a claim upon which relief can be granted, and his request for a TRO or a preliminary injunction is dismissed.

    VII.    <u>Quiet Title (Count IX)</u>:

Plaintiff seeks to "quiet title against the claims of Defendants and ALL PERSONS UNKNOWN" to any right to the subject property. Compl. 8. The Complaint disputes the

Defendants' claim to an entitlement to an "uncertain equitable ownership of the Subject property by and through their claim to rights under the Note" by stating that the Defendants have "no right to title or interest in the Subject Property and no right to entertain any rights of ownership." *Id.* Plaintiff claims that his right to quiet title stems from his inability to discern who owns the rights under the Note or if the Note has "been extinguished affecting the rights under" the Deed of Trust. *Id.* Through this cause of action, Plaintiff wishes to forever enjoin any of the Defendants from asserting any rights to the subject property. *Id.*

In Maryland, a quiet title claim is one in which "a plaintiff seeks a decree that some allegedly adverse interest in his property is actually defective, invalid or ineffective prior to and at the time suit is brought either because the lien was invalidly created, or has become invalid, or has been satisfied." *McNeil v. Bank of Am., N.A.*, No. DKC-13-2162, 2014 WL 1831115, at *2 (D. Md. May 7, 2014) (quoting *Kasdon v. G.W. Zierden Landscaping, Inc.*, 541 F. Supp. 991, 995 (D. Md. 1982)). In a request to quiet title, Plaintiff must show his claim to title and that the other interest is defective or invalid. *Id.*

Plaintiff does not allege any facts that determine the mortgage was improperly created or that it has since become invalidated. Plaintiff only argues that the Note transferred from the original owner to another entity or trust, which he contends may have rendered the Deed of Trust invalid. Compl. 8. Plaintiff also makes general statements with regard to the beneficiary of the Note being unascertainable for some time. *Id.* 5. However, Plaintiff readily admits that Deutsche Bank is the current holder of the Note on the property and that Select is the current servicer. *Id.* Plaintiff has not stated any plausible set of facts to show that the Defendants' interest in the subject property is invalid or adverse. Because Plaintiff

18

admits in his Complaint to taking out the loan and signing the Note and Deed of Trust, he is not "discharged from his obligation because of the transfer of the Note." *Johnson v. Prosperity Mortg. Corp.*, No. AW-11-02532, 2011 WL 5513231, at *4 (D. Md. Nov. 3, 2011). Plaintiff has made reference to no factual allegations that if true would give rise to a cause of action quieting title, and thus his claim to quiet title is dismissed.

    VIII.   <u>Declaratory Relief (Count II)</u>:

Finally, Plaintiff's Complaint contends that "a dispute about the nature and extent of the duties, responsibilities, and obligations plaintiff has and defendants hold" resulted in a controversy. Compl. 6. Based on this alleged controversy, Plaintiff seeks declaratory judgment to "quiet for all time those disputes in the nature of a judgment for declaratory relief . . . setting to rest those controversies and disputed facts." *Id.*

"The Declaratory Judgment Act provides that '[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such a declaration, whether or not further relief is or could be sought.'" *Geoghegan v. Grant*, No. DKC-10-1137, 2011 WL 673779, at *5 (D. Md. Feb. 17, 2011) (quoting 28 U.S.C. § 2201 (2006)). The United States Court of Appeals for the Fourth Circuit has further clarified that a declaratory judgment is appropriate when:

> (1) the complaint alleges an "actual controversy" between the parties "of sufficient immediacy and reality to warrant issuance of a declaratory judgment;" (2) the court possesses an independent basis for jurisdiction over the parties (e.g., federal question or diversity jurisdiction); and (3) the court does not abuse its discretion in its exercise of jurisdiction.

*Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co., Inc.*, 386 F.3d 581, 592 (4th Cir. 2004) (citations omitted). Plaintiff makes only a conclusory statement that a controversy has

arisen. Compl. 5.  As discussed in the context of his substantive claims, Saravia provides no facts to support the inference that any of the asserted causes of action could plausibly be resolved in his favor.  *Id.*  In addition, Plaintiff gives no indication that any controversy between the parties meets the requirements of "immediacy and reality" to necessitate declaratory judgment.  *Volvo Constr. Equip. N. Am., Inc.*, 386 F.3d at 592.  In sum, the Plaintiff has articulated no set of facts that would justify granting a declaratory judgment.  Thus, Count II seeking declaratory judgment is dismissed.

## CONCLUSION

For the reasons stated above, Defendants Select Portfolio Servicing, Inc. and Deutsche Bank National Trust Company's Motion to Dismiss (ECF No.13) and Bank of America's and Diane Rosenberg's Motions to Dismiss (ECF No. 14 and 15) are GRANTED.

A separate Order follows.


Dated:  June 23, 2014                              /s/
                                                   Richard D. Bennett
                                                   United States District Judge